UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO.: 1:24-CV-23874-LENARD/ELFENBEIN

RAV BAHAMAS, Ltd.,
a Bahamian Corporation,
derivatively on behalf of
BB ENTERTAINMENT, Ltd.

  *Plaintiff*,

v.

GENTING AMERICAS, INC.,
a Delaware Corporation,

  *Defendant*.
_____/

## PLAINTIFF, RAV BAHAMAS, LTD.'S, RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT [ECF No. 110]

Plaintiff, RAV BAHAMAS, Ltd., a Bahamian Corporation, derivatively on behalf of BB ENTERTAINMENT, Ltd., and by and through undersigned counsel, files this Response in Opposition to Defendant's Motion for Leave to Exceed Page Limit [ECF No. 110] and states as follows:

1. Defendant seeks leave to exceed the page limit by seventeen pages, for a total of thirty-seven pages, *not* including the cover page, table of contents, table of authorities, signature page, certification of counsel, and certificate of service, for its motion to dismiss. Mot. at ¶ 4.

2. Under Local Rule 7.1(c)(2), Defendant is allowed twenty pages for its motion to dismiss. Defendant's Motion basically seeks to double the page limit allowed under the Local Rule. Notably, Plaintiff agreed to a ten-page extension, which is consistent with the prior page extensions it agreed to when Defendant filed its prior motion to dismiss. ECF No. 16.

3. While Plaintiff's Amended Complaint contains new claims under the Racketeer Influenced and Corrupt Organizations Act (the "RICO claims"), the addition of these new claims does not warrant the substantial page-limit extension as the facts have not substantially changed. Plaintiff also submits that the mere addition of the new claims should not automatically provide good cause for a 17-page extension and that the Local Rules' default rule of twenty-pages already accounts for situations such as this one where a party seeks to dismiss an amended pleading containing new claims.

4. Defendant has not demonstrated good cause for a seventeen-page extension of the twenty-page limit. Defendant's prior Motion to Dismiss [ECF No. 16] included approximately eight pages concerning its indispensable-party argument, which is no longer at issue. *See* ECF No. 16 at pp. 9-17. Defendant can now use that extra space to address whatever additional issues it chooses to raise, including any arguments directed at the RICO claims. And asking Defendant to choose which arguments it wants to make is not asking for too much. *See Gonsalves v. Thompson*, 396 F. Supp. 2d 36, 44 (D. Mass. 2005) ("When a party is faced with a page limit, he must choose which of his arguments are most important."). Defendant's request for a seventeen-page extension should be deemed excessive and unwarranted.

5. Plaintiff does not oppose a ten-page extension, for a total of thirty pages, for Defendant's motion to dismiss and failing to grant a seventeen-page extension will not prejudice Defendant.

6. Lastly, Plaintiff denies Defendant's accusation that Plaintiff is delaying service on BBE and will be able to demonstrate its reasonable efforts to effect service, if the need arises. Defendant's accusation simply lacks any factual basis.

## CONCLUSION

Based on the foregoing, the Court should deny Genting Americas' Motion for Leave to Exceed Page Limit.

Respectfully submitted,

**BELL ROSQUETE REYES ESTEBAN, PLLC**
999 Ponce De Leon Blvd., Suite 810
Coral Gables, Florida 33134
Telephone: (305) 570-1610
ARosquete@brresq.com
AEsteban@brresq.com
JReyes@brresq.com
Vvicente@brresq.com

By: _/s/ Alexander Esteban_
Armando Rosquete, Esq. (FBN: 648434)
Alexander Esteban, Esq. (FBN: 107491)
Javier A. Reyes, Esq. (FBN: 688487)
Veronica M. Vicente, Esq. (FBN: 1039548)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

By: _/s/ Alexander Esteban_
Alexander Esteban